IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CIVIL RIGHTS COMPLAINT
PURSUANT TO 28 U.S.C. SECTION 1331 AND
Bivens v. Six Unknown Named Agents of the
Federal Bureau of Narcotics, 403 US 388 (1971)



COLIN B. MONTAGUE,
                        PLAINTIFF               )
                                                )
                                                )          CASE No.: **20    CV    715**
                                                )
                                                )
                                                )
                                                )
                                                )
CITY OF ROCHESTER,                              )          **JURY TRIAL DEMANDED**
                        DEFENDANT               )
                                                )
CITY OF GREECE                                  )
                        DEFENDANT               )
                                                )
ROCHESTER POLICE DEPARATMENT                    )
                        DEFENDANT               )
                                                )
GREECE POLICE DEPARTMENT                        )
                        DEFENDANT               )
                                                )
MONROE COUNTY SHERIFF'S OFFICE                  )
                        DEFENDANT               )
DRUG ENFORCEMENT AGENCY                         )
                        DEFENDANT               )
                                                )
OFFICER SHAUN MOORE, OF THE GREECE              )
POLICE DEPARTMENT, AND VARIOUS                  )
OTHER GREECE POLICE OFFICERS, KNOWN             )
AND UNKNOWN,                                    )
                        DEFENDANTS              )
                                                )
                                                )
AGENT ANDREW WOEPPEL, OF THE DRUG               )
ENFORCEMENT ADMINSTRATION, (DEA)                )

1

AND OTHER AGENTS OF THE DEA,                  )
KNOWN AND UNKNOWN,
                              DEFENDANTS       )
                                              )
                                              )
INVESTIGATOR DAVID SIMSON, OF THE             )
ROCHESTER POLICE DEPARTMENT, AND              )
OTHER POLICE OFFICERS/INVESTIGATORS           )
OF THE ROCHESTER POLICE DEPARTMTNT            )
KNOWN AND UNKNOWN,                            )
                              DEFENDANTS       )
                                              )
                                              )
AGENT SARGENT BRINKERHOFF, OF                 )
THE GREATER ROCHESTER AREA                    )
NARCOTICS ENFORCEMENT TEAM,                   )
(GRANET) AND OTHER OFFICERS FROM              )
GRANET, KNOWN AND UNKNOWN                     )
                              DEFENDANTS       )
                                              )
                                              )

## PARTIES

1. Plaintiff, Colin B. Montague, is a legal resident of the United States and in possession of all of his alienable and inalienable constitutional rights at all times relevant to this Civi Rights Complaint.

2. Defendant Town of Greece, is a municipality located in Greece New York, is a citizen of the United States of America, as far as Plaintiff is aware, at all times relevant to this Civil Rights Complaint.

3. Defendant City of Rochester, New York, is a municipality in Rochester, New York, and is a citizen of the United States as far as Plaintiff is aware, at all times relevant to this Civil Rights Complaint.

4. Police Department of the Town of Greece, New York, is a police department located in Greece, New York, and is a citizen of the United States of America, as far as Plaintiff is aware, at all times relevant to this Civil Rights Complaint.

5. Monroe County Sheriff's Office, is a police agency located in Monroe County, New York and is a citizen of the United States, as far as Plaintiff is aware, at all times relevant to this Civil Rights Complaint.

6. The Drug Enforcement Administration, is located in Washington, DC with local offices in the Western District of New York, is an agency of the United States Government, and is a citizen of the United States as far as Plaintiff is aware, at all times relevant to this Civil Rights Complaint.

7. Police Shaun Moore is an office of the Town of Greece Police Department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the Town of Greece, New York, at all times relevant to this Civil Rights Complaint.

8. Lieutenant John Henderson, is a police officer with the Town of Greece, New York, is a citizen of the United States of America, as far as the Plaintiff is aware, and was employed by the Town of Greece, New York, at all times relevant to this Civil Rights Complaint.

9. Lieutenant Mark Sundquist, is a police officer with the Town of Greece, New York, police department, and is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the Town of Greece Police Department at all times relevant to this Civil Rights Complaint.

10. Sargent Patrick Welch, is a police officer with the Town of Greece police department, is a

citizen of the United States of America, as far as Plaintiff is aware, and was employed by the Town of Greece, New York, at all times relevant to this Civil Rights Complaint.

11. Sargent James Carris, is a police officer with the Town of Greece, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the Town of Greece, New York, police department at all times relevant to this Civil Rights Complaint.

12. Sargent David Mancuso, is a police officer with the Town of Greece, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the Town of Greece, New York, police department at all times relevant to this Civil Rights Complaint.

13. Sargent Brandon White, is a police office with the town of Greece, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and ws employed by the Town of Greece police department at all times relevant to this Civil Rights Complaint.

14. Officer Keith Beer, is a police officer with the Town of Greece, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the Town of Greece police department at all times relevant to this Civil Rights Complaint.

15. Officer Edward Caton, is a police office with the Greece, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the Town of Greece police department at all times relevant to this Civil Rights Complaint.

16. Officer David D'Aurelio, is an officer of the Town of Greece police department, is a citizen of the United States, as far as Plaintiff is aware, and was employed by the Town of Greece police department at all times relevant to this Civil Rights Complaint.

17. Agent Andrew Woeppel, is an agent with the Drug Enforcement Administration, a United States Department of Justice agency, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the Drug Enforcement Administration at all times relevant to this Civil Rights Complaint.

18. Investigator David Simpson, is an office of the City of Rochester, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the City of Rochester, New York, police department at all times relevant to this Civi Rights Complaint.

19. Sargent Brinkerhoff, is an officer of the City of Rochester,New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the City of Rochester, New York, police department at all times relevant to this Civil Rights Complaint.

20. Investigator Pearce, is an officer of the City of Rochester, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the City of Rochester, New York, police department at al times relevant to this Civil Rights Complaint.

21. Agent Leon, is an officer of the City of Rochester, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the City of Rochester, New York,  police department at all times relevant to this Civil Rights Complaint.

22. Officer Padgham, is an officer of the City of Rochester, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the City of Rochester, New York, police department at all times relevant to this Civil Rights Complaint.

23. Investigator Sindoni, is an officer with the City of Rochester, New York, police department, is a citizen of the United States of America, as far as Plaintiff is aware, and was employed by the City of Rochester, New York, at all times relevant to this Civil Rights Complaint.

24. Deputy Lockwood, is an officer with the City of Rochester, New York, is a citizen of the United States, as far as Plaintiff is aware, and was employed by the City of Rochester, New York, at all times relevant to this civil rights complaint.

25. Unknown officers of the Monroe County Sheriff's Office, in Monroe County, New York, are citizens of the United States, as far as Plaintiff is aware, were employed by the County of Monroe, New York, and were employed by Monroe County Sheriff's Office at all times relevant to this Civil Rights Complaint.

26. Unknown Officers, of the Drug Enforcement Administration, are citizens of the United States of America, as far as Plaintiff is aware, and were employed by the Drug Enforcement Administration at all times relevant to this Civil Rights Complaint

27. Unknown Officers of the Town of Greece, New York, police department, are citizens of the United States of America, as far as Plaintiff is aware, and were employed by the Town of Greece police department at all times relevant to this Civil Rights Complaint.

5

28. Unknown police officers of the City of Rochester police department, are citizens of the United States of America, as far as Plaintiff is aware, and were employed by the City of Rochester, New York, police department at all times relevant to this Civil Rights Complaint.

## JURISDICTION

29. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331, 28 U.S.C.  Section 1343(3) & (4), 42 U.S.C. Section 1983 and ***Bivens v. Six Unknown Named Agents of the Federal Narcotics Bureau***, 403 US 388 (1971).

## STATEMENT OF FACTS

30. Plaintiff was a legal permanent resident of the United States for 34 years and was living City of Greece, New York, living at 152 Bright Autumn Lane, Greece, New York, and the sole owner of a real estate company, "Montague Enterprises, Inc., at all times relevant to this Civil Rights Complaint.

31. In or about January, 2012 Officer Shaun Moore and other members of the Greece police department, including but not limited to: defendants Simpson, Pierce, Cole, Henderson, and other officers, known and unknown, from the Greece police department, without any reasonable suspicion or probable cause, began surveillance of Plaintiff's home at 152 Bright Autumn Lane, Greece, New York, under the ruse of investigating an unspecified narcotics operation.

32. Subsequent to the decision to surveil Plaintiff's home, Plaintiff was subjected to several episodes of harassment in the form of car stops without reasonable suspicion or probable cause for the stop, which included heightened harassment during the stop.

33. Specifically, In or about late January, 2012 several officers from the Greece police department (GPD) stoped Plaintiff's car approximately 100 yards from his residence.  Plaintiff was issued a traffic summons for "speeding" however, when he went to contest the ticket, no ticket was reported in the GPD files nor the relevant court.  Plaintiff was detained for approximately 15 minutes during that stop.

34. In or about early March, 2012 Plaintiff was stopped in Rochester, New York, (Hudson Avenue) by a Rochester police department (RPD) officer, again without probable cause or reasonable suspicion. The officer requested and received the appropriate documents and went to his cruiser. After approximately 15 minutes, an additional 10-15 RPD officers surrounded Plaintiff's vehicle brandishing weapons.

35. The RPD officers forced Plaintiff out of his vehicle while not adequately dressed for sub freezing temperatures and had Plaintiff stand in the cold while the officers performed a search, ransacked the vehicle and demanded Plaintiff surrender drugs to them. None of the RPD officers intervened to protect the health of Plaintiff nor the illegal search of his property.

36. More than 2 hours after recovering no drugs from Plaintiff's person nor the vehicle, the officers allowed Plaintiff to depart. Plaintiff was NOT issued any summons nor warning for any driving infraction nor was any reason or excuse provided by the RPD officers for the stop and harassment.

37. In or about March 28, 2012 while driving through Rochester, defendant Wengert of the RPD performed a stop of Plaintiff's vehicle on Lyell Avenue. There was no reasonable suspicion nor probable cause for the stop as Plaintiff was not in violation of any traffic laws. Within several minutes and additional 5-6 RPD officers appeared on the scene. Plaintiff and his passenger (Jermaine Swaby) were removed from the vehicle and the officers began a exhaustive search of Plaintiff and Swaby's person and the vehicle. Throughout the episode defendant Wengert interrogated Plaintiff and Swaby and continued to have communications, via phone, with someone else.

38. According to a report filed by defendant Wengert, the stop and subsequent search was a product of his simultaneous conversation with defendant DEA agent Andrew Woeppel who informed defendant Wengert that Plaintiff and Swaby were targets of an ongoing DEA investigation alleging that Swaby was a courier for drugs belonging to Plaintiff.

39. This episode lasted approximately 2 hours and Plaintiff was charged with being a "aggravated unlicensed operator" and Swaby was charged with possession of a controlled substance in the Seventh Degree.

40. Plaintiff was operating a rented vehicle and upon renting vehicle, his documents were approved by the rental company and Plaintiff was unaware of any suspensions of his license. And, Plaintiff was never issued a traffic summons deriving from this episode.

41. Swaby was in possession of medication prescribed by a licensed medical doctor which were prescribed due to injuries sustained in a near fatal automobile accident, that occurred approximately one year prior to this episode.

42. No illegal narcotics or illegal items of any kind were discovered from this episode.

43. In or about June, 2012, one day after the above stated episode, defendant officer Shaun Moore of GPD appeared at my residence.  Defendant Moore stated the reason for his visit was to seek information leading to locate one Dwayne Stewart, who is a maternal cousin of Plaintiff's son.  Defendant Moore never stated why he felt that Plaintiff would have any knowledge of Stewart's whereabouts.  During this visit, defendant Moore was conducting a subliminal investigation of my property both inside and outside of Plaintiff's home.

44. In the early morning hours one day, in or about July, 2012, Plaintiff was awakened by a loud banging on his front door.  Nobody was at the door when Plaintiff answered it.  Shortly thereafter Clive Hamilton, who was the "Property Maintenance Manager" of Montague Enterprises, Inc.  Hamilton is also a resident at the Plaintiff's home at 152 Bright Autumn Lane, Greece, New York.  Several moments after Hamilton's arrival the banging at the door resumed.  Hamilton answered the door and was confronted by defendant Moore of GPD and numerous other defendant officers from GPD.  Defendant Moore again alleged that they were looking for one Dwayne Stewart.

45. Hamilton told defendant Moore that Stewart does not reside there and is in no way connected to this is residence.  Defendant Moore then asked Hamilton whether he resided at that address (152 Bright Autumn Lane, Greece New York) to which Hamilton responded "yes."

46. Defendant Moore then asked Hamilton if they may search the house, purportedly, to look for Stewart.  Hamilton asked defendant Moore it they had a warrant.  Defendant Moore stated "No" but that he "could go and get one."  Hamilton then acquiesced and allowed the search.

47. All of the defendant officers then entered the house and one asked Plaintiff whether or not he resided there, to which Plaintiff answered "yes."  The officers performed a thorough search of the home including cupboards and drawers and other areas where a human could not possibly fit.  After an approximate 30mminute search, and finding no illegalities, whatsoever, in the house, defendant Moore and the other defendant officers departed the premises.

48. No illegalities were ever discovered in the vehicle stops, nor premise's search of Plaintiff nor his dwelling, in plain view or otherwise.

49. On August 14, 2012 defendant Moore applied to Magistrate Judge Charles Schiano, in Greece, New York, for a warrant to search the home of Plaintiff.  The basis for defendant Moore's affidavit was: (a) "while conducting surveillance of Plaintiff's residence he observed documented evidence of many vehicles, 'registered to individuals who have extensive history related to narcotics arrest and convictions' at the location and that none of these vehicles 'are ever at the location for more than an hour at a time."

50. A review of the law enforcement field investigation forms (FIF's) and reports available during the period in question (i.e. January, 2012 through August, 2012) reveals that none of the alleged vehicles reported ass being observed at the residence (152 Bright Autumn Lane, Greece, New York) was registered to any individual having "an extensive history of narcotics related arrest and convictions;"  (a) that Clive Hamilton is NOT "previously identified as a narcotics associate of Plaintiff.  And, defendant Moore provides no basis for his assertion that Clive Hamilton has an narcotics association with Plaintiff, that Hamilton's relationship is in regards to his real estate company (Montague Enterprises, Inc.) and that Hamilton had no criminal history, whatsoever.

51. As an additional basis to secure a search warrant for Plaintiff's residence, defendant Moore stated in his affidavit that Swaby, who was a passenger in Plaintiff's vehicle stop, ante, was previously found in possession of $50,000 in U.S. Currency.  Defendant Moore described this currency as "suspicious/narcotics related" currency, but provided no details as to how it related to reasonable suspicion of probable cause to relate this episode os Swaby's to conduct a search of Plaintiff's dwelling.  And, relevant, if not dispositive here, defendant's affidavit also failed to state that the monies involved in Swaby's episode was supported by documents as proof of a legal real estate transaction.

52. Based on defendant Moore's allegations in his affidavit the Magistrate issued warrant to search Plaintiff's dwelling at 152 Bright Autumn Lane, Greece, New York.  During the search defendant officers recovered a firearm in the dwelling.  The defendants also seized jewelry and $26,000 in U.S. Currency, and business documents belonging to Plaintiff.  In addition the defendant officers created a extensive amount of financial damage to the structure of Plaintiff's dwelling.

53. Defendant Moore also alleged recovery of drug residue found in the residence, but failed to state with any specificity what drug, its weight, or any other specifics or that the drug sniffing canines failed to discover the presence of drugs.

54. Defendant Moore never stated in his affidavit that Hamilton was a known resident of Plaintiff dwelling, based on prior consent given by Hamilton to defendant Moore to search the residence at 152 Bright Autumn Lane, Greece, New York.

55. Defendant Moore failed also to state that the firearm found in the above stated dwelling was a legally licensed firearm belonging to legal resident Hamilton.

56. On the basis of defendant Moore's allegations of recovered items during his search, Plaintiff was charged with "possession of an illegal firearm" and allegations of drug trafficking and detained in Monroe County with a bail of $300,000. The charges were based on the collective reports of all incidents listed above in paragraphs 31 to 53 of this Ccivil Rights Complaint.

57. On May 20, 2013, on the basis of the evidence provided, and after thorough review of the evidence presented to the Grand Jury, the Grand Jury issued a "Finding of Dismissal" and dismissed the charges of "possession of a weapon in the Second Degree." The Grand Jury determined that on the basis of the evidence discovered during the August 20, 2012 search of the Plaintiff's dwelling that the evidence before the Grand Jury was "legally insufficient that such person committed such crime or an other offense that there was not reasonable cause to believe the defendant committed such crime or any other offense." ["Finding of Dismissal" *Attached*].

58. After Plaintiff's arrest and subsequent detention stemming from the search of his home at 152 Bright Autumn Lane, Greece, New York, Plaintiff moved from that residence to 266 Raines Park, Rochester, New York, 14613.

59. On or about December 11, 2014 Plaintiff was arrested and has been detained since that date, on federal charges that stem from allegations that bear no relation to the facts stemming from this episode herein. It was not until June, 2018, while incarcerated in federal prison did Plaintiff receive a copy of the "*Grand Jury Dismissal*" document notifying Plaintiff that the charges stemming from the search of his prior dwelling (152 Bright Autumn Lane, Greece, New York) were in fact dismissed.

60. For this cause of action by defendants, Plaintiff, by this reference, incorporates each and every allegation set forth in paragraphs 1-57 of this Civil Rights Complaint.

## COUNT ONE
### VIOLATION OF PROCEURAL DUE PROCESSN RIGHTS
### GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMNTS

61. The defendants of the GPD the RPD and the DEA, Monroe County Sheriff's Office, The Town of Greece, New York and the City of Rochester, New York, by and through their actions of its police officers and subsequent supporting staff and officials, of conducting stops of Plaintiff's vehicle without reasonable suspicion or probable cause, without any supporting evidence of wrongdoing, without any support from statutes, policies or codified implementing regulations of the above Town's and Cities, violated Plaintiff's procedural due process rights because the statutes, policies, implementing regulations and State of New York and The United States Constitution require that these "minimal due process" rights were violated which resulted in illegal searches, detainment and subsequent arrest, destruction of Plaintiff's property and unjustified deprivation of Plaintiff's liberty, all in violation of his Fifth and Fourteenth Amendment Procedural Due Process Rights;

(a) The use of insufficient procedures by the above listed defendants violated the Plaintiff's liberty interest, by securing a false arrest under the premise of an illegal firearm belonging to Plaintiff, whereby the firearm was legally registered to a legal resident of the dwelling whereby defendants knew, or should have known, that the firearm was legally registered to a legal resident of the dwelling, as a result of a consent search of that dwelling being allowed, prior to the warranted search and discovery of the firearm, by the owner of the firearm. Procedural due process of Plaintiff was violated despite the direct knowledge of the defendants that were aware of the surrounding circumstances of the legal rights of the Plaintiff, the firearm and its owner.

(c) The Plaintiff's arrest and basis for the attempt to indict Plaintiff was based solely on the affidavit of defendant Moore and the investigation by all of the subsequent defendants and their agencies, which contained knowingly false evidence and/or misleading uncorroborated evidence to falsely direct the issuing Magistrate into the belief that Plaintiff was conducting a drug operation whereby *all* of the stated evidence produced false and misleading evidence and/or the product of a ruse used in illegal traffic stops and false and misleading evidence regarding a search of an individual with no connection to the Plaintiff or his dwelling, all in violation of Plaintiff's Procedural Due Process guaranteed by the Fifth and Fourteenth

11

Amendment of the United States Constitutional.

**COUNT TWO**

**FAILURE TO PROTECT PLAINTIFF'S MINIMAL**

**DUE PROCESS RIGHTS**

62. The defendants, by and through its officers, agencies and Municipalities, whose duties it is to enforce statutes (state and federal), implementing regulations, policies and practices, failed to protect Plaintiff's minimal procedural due process rights by conducting vehicle stops without reasonable suspicion or probable cause for the stops, detainment and inhumane treatment during the illegal vehicle stops, thus failing to protect the liberty interest of Plaintiff guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution;

(a) By using insufficient procedures that did not meet the safeguards of minimal procedural due process afforded persons legally inhabited in the United States,, which caused Plaintiff a deprivation of liberty and loss of property via destruction of his dwelling and personal property and loss from his business via defamation;

(b) By allowing current inadequate procedures used in vehicle stops, without reasonable suspicion or probable cause to continue, on several and repeated occasions, and to allow the lack of any illegalities from these inadequate procedures to justify probable cause, and the use of such by defendant Moore to comprise a *sham affidavit* to obtain a warrant, the subsequent search, arrest, detainment, destruction of Plaintiff's property and production of false evidence to a Grand Jury to seek an indictment, all resulting in a procedure the aborted Plaintiff's minimal due process rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution.

**COUNT THREE**

**VIOLATION FO PLAINTIF'S SUBSTANTIVE**

**AND PROCEDURAL DUE PROCESS RIGHTS**

63. The defendants, specifically, Town of Greece, New York, and the city of Rochester, New York,

12

and the federal agency, DEA, by and through it officers, agencies and their Municipalities violated Plaintiff's substantive and procedural due process by failing in their responsibilities to assure that its employees are properly trained and regulated to properly protect the substantive and procedural due process of the citizens and legal residents of said states and federal jurisdictions.  It the duties of these Municipalities and agencies to enforce statutes, implementing regulations and policies that are designed to protect the rights and liberty interest of the persons living within the their respective states and in United States of America.  The above defendant's failure to monitor its employees and allowing the false premises of their employees to pass the test for substantive and procedural due process violated Plaintiff's Fifth and Fourteenth Amendments of the United States Constitution.

## COUNT FOUR

## CONSPIRACY TO VIOLATE PLAINTIFF FOURTH AMENEMENT RIGHTS AGAINST UNREASONALBE SEARCHES

64. The actions of the defendants, collectively, violated Plaintiff's Fourth Amendment rights against unreasonable searches, when they conspired, individually and collectively, with each other to:
(a) conduct several vehicle stops and search of Plaintiff's vehicles, without reasonable suspicion of any traffic violation, any specific information that criminal activity was being committed, without a search or arrest warrant and without any probable cause, whatsoever, that would justify the search of Plaintiff's vehicles and/or his person during the vehicle stop;
(b) for collectively initiating, participating in, and failing to mandate compliance with statutory law, implementing regulations and policies to protect the rights citizens and residents from conducting illegal searches that was based on known or reason to know that the procurement of a warrant to search or request a consent to search Plaintiff's dwelling was based on a ruse by the defendant police officers or a premise that those defendants involved, collectively, knew or are deemed to know that the premise was false and no basis in law or fact to conduct the illegal search of Plaintiff's dwelling;
(c) allowing procurement of a search warrant for Plaintiff's dwelling knowing, or having reason

to know, that the evidence relied upon for such warrant did not meet the minimum standards of reasonable suspicion or probable cause to initiate a search that would comply with the requirements necessary to conduct a search in compliance with the Fourth Amendment of the United States Constitution.

## REQUEST FOR RELIEF

65. Based on the information contained in paragraphs 1- 64 Plaintiff requests this Honorable Court grant relief from the following parties:

    (a)  Award Plaintiff Compensatory Damages of $2,000,000 (Two Million Dollars, U.S. Currency) from The Town of Greece, New York, jointly and severally against the Town of Greece and its responsible officers and staff members who participated in the violation of Plaintiff's above stated rights either knowingly, or whom should have known that Plaintiff's rights were being violated;

    (b)  Award Plaintiff Compensatory Damages of $2,000,000 (Two Million Dollars, U.S. Currency) from the City of Rochester, New York, jointly and severally, against the City of Rochester, and each its responsible officers and staff members who participated in the violation of either knowingly or whom should have known Plaintiff's rights were being violated;

    (c)  Award Compensatory Damages of $1,000,000 from each officer defendant: Shaun Moore, John Henderson, Mark Sundquist, Patrick Welch, James Carris, David Mancuso, Brandon White, Keith Beer, Edward Caton, David D'Aurelio, Andrew Woeppel, Atanecio Martinez, Agent Leon, Officer Padgham,  David Simpson, Timothy Pearce, Officer Sindoni, Officer Brinkerhoff, Officer Lockwood, Roger Cole, Sandra Doorlley, Mike Green, Matthew Swartz, and officers known and unknown who are employed by defendant's agencies listed in the parties section of this Complaint.

66. Plaintiff request Award **_Punitive Damages_** in the amount to be determined by the jury.

67. Plaintiff request termination of employment of all defendants found guilty of violating Plaintiff's constitutional and human rights;

    (a)  Suspension of all defendants pending the outcome of the civil suit, to prevent further deprivation of the rights of any citizen, permanent resident or any other individual who lives in the United States of America from potential of violation of rights by these defendants;

14

(b) Any and all other relief that the Court deems fair and just.

## DECLARATION UNDER THE PENALTY OF PERJURY

The undersigned, under the penalty of perjury, declares that the foregoing information contained in tis Civil Rights Complaint is true and correct to the best of my knowledge and recollection and I make this declaration with the understanding of the penalty of perjury, pursuant to 28 U.S.C. Section 1746.


_____                                    6/7/20
Colin B. Montague, pro se                                          Dated

15

AFFIDAVIT

June 2, 2020

I, Colin Montague, 66509019, am the plaintiff in the enclosed action, I am presently incarcerated at the Federal Correctional Complex - Allenwood and have authorized Tommy Walker to make filings in this matter on my behalf. I hereby declare, under penalty of perjury, the information contained in this submission to be truthful and accurate to the best of my knowledge and recollection.

Sincerely

C. Mont.

COLIN MONTAGUE 66509-019

Tommy Whitley
61 Minnesota Ave
Buffalo, N.Y. 14214

Clerk of the Court
U.S. Courthouse
Western District of New York
Two (2) Niagara Square
Buffalo, N.Y. 14202

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Montague

## DEFENDANTS

City of Rochester, et al

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:  28 USC 1331

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____