UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

COLIN B. MONTAGUE,

    Plaintiff,

v.                                    20-CV-715 (JLS)

CITY OF ROCHESTER, et al.,

    Defendants.

———————————————————

## DECISION AND ORDER

On May 6, 2021, the Court entered an Order dismissing *pro se* Plaintiff Colin B. Montague's Amended Complaint under 42 U.S.C. § 1983, after notice and an opportunity to be heard, because his claims were untimely and barred under the applicable statute of limitations. Dkt. 8. Judgment was entered on that same day. Dkt. 9. Montague alleged violations of the Fourth and Fourteenth Amendments based on a number of unlawful searches and seizures of his vehicles and homes, the surveillance and search of his home, and his subsequent arrest and detention. Dkts. 7, 8. On May 13, 2021, Montague filed the instant Motion for Reconsideration asserting, *inter alia*, that the dismissal of his claims with prejudice was "harsh" and the Court did not construe his pleadings liberally when determining he did not meet the standards entitling him to equitable tolling of the statute of limitations. Dkt. 10. For the reasons below, the motion is denied.

The Federal Rules of Civil Procedure "do not recognize a motion for 'reconsideration.'" *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 28 (W.D.N.Y. 2014) (citing cases). As such, a motion for reconsideration "may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Id.* Rule 60(b) provides relief from a final order, while Rule 59(e) may be used by a party seeking to alter or amend a judgment. *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quotation marks and citation omitted). "The standard for granting a [reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision whether to grant a party's Rule 60(b) motion is "committed to the sound discretion of the district court...." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks and citation omitted). A motion for reconsideration "should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court," *Mikulec*, 302 F.R.D. at 28, because a motion for reconsideration is not a vehicle for

"taking a 'second bite at the apple.'" *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. Aug. 13, 2008) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citing cases)). A motion for relief from judgment is "generally not favored and is properly granted only upon a showing of exceptional circumstances." *Freedom, N.Y., Inc. v. United States,* 438 F. Supp. 2d 457, 462 (S.D.N.Y.2006) (citations and internal quotations marks omitted).

The Court did not fail to construe Montague's pleadings liberally. It fully addressed the doctrine of equitable tolling of the statute of limitations and determined that Montague did not establish "extraordinary circumstances" preventing him from timely filing his Complaint and "due diligence" throughout the period of time he sought to toll. Dkt. 8, at 11 (citing *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)). Montague has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104. He seeks to reargue the Court's Order dismissing the Amended Complaint. This is not a basis for relief from judgment. *Rafter*, 288 F. App'x at 769 (a motion for reconsideration is not a vehicle for "taking a 'second bite at the apple.'") (quoting *Sequa Corp.*, 156 F.3d at 144).

Accordingly, Montague's Motion for Reconsideration (Dkt. 10) is DENIED.

SO ORDERED.

DATED:   May 14, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE